LEONA HOLDING CORPORATION, Appellant, *v.* ERNEST A. BIGELOW and MORTIMER BISHOP, Respondents.

First Department, February 9, 1917.

Contract — real property — agreement to exchange lands — specific performance — agreement as to number of unrented apartments — condition at time set for passing title governs.

Where, by the terms of a written contract for the exchange of real property, the plaintiff, who was to convey an apartment house to the defendant, expressly agreed that an annexed writing stating the number of apartments which were rented was true, which statement showed that only three apartments were vacant, the plaintiff is entitled to a decree of specific performance if at the time set for closing title only two apartments were unrented, although as a matter of fact at the time of the original contract five apartments were vacant.

An apartment was rented within the meaning of the plaintiff's warranty where it was occupied by a monthly tenant without a lease, there being nothing in the agreement to compel the plaintiff to deliver the premises covered in every instance by a written lease.

APPEAL by the plaintiff, Leona Holding Corporation, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 12th day of June, 1916, dismissing the complaint upon the merits and granting judgment on the counterclaim upon the decision of the court after a trial at the New York Special Term.

*Abraham P. Wilkes,* for the appellant.

*Henry A. Wise,* for the respondents.

PAGE, J.:

The action is brought to enforce specific performance of a contract in writing for the exchange of real property, whereby the plaintiff agreed to exchange an elevator apartment house for a piece of property owned by the defendants on East Ninety-third street, both in the city of New York.

Attached to the contract was a list of the rentals for plaintiff's apartment house, and the contract provided: "It is hereby expressly agreed by the party of the first part [plaintiff] that the annexed statement of the rents is a true and correct statement of the income of said premises, and it

hereby warrants that there have been made no concessions to tenants or free rents allowed." The annexed schedule of rents showed that of the thirty apartments in the building at 530 West One Hundred and Forty-fourth street three only were vacant, to wit, No. 4, of which the monthly rental was stated to be fifty dollars; No. 25, with a monthly rental of fifty-five dollars, and No. 61, for which the monthly rental was not stated. The agreement was entered into on the 22d day of December, 1915, and the contract was agreed to be closed on the 31st of December, 1915. On December 30, 1915, the plaintiff's attorney wrote a letter to the defendants as follows:

"I hereby send you twenty-four (24) leases for apartments in premises No. 530 West 144th Street. It appears that there are five vacancies; one apartment, however, has been rented, possession to be taken on January 1st, 1916. One apartment is occupied by a monthly tenant without a lease.

"You will greatly oblige me to inform me at the earliest moment possible whether or no you will be ready to close title at the time specified in the contract."

On the same day one of the defendants wrote to the plaintiff's attorney returning the leases and stating:

"I note from your letter that there is one monthly tenant, who I presume, occupies apartment 24, for which he has paid $55.00 per month; and that of the 'five' vacancies, one is to be filled by a tenant who goes into possession January 1st."

The letter proceeds to state that the agreement as to the statement of rents was a material and governing factor in the acceptance, and that as the facts did not conform to that statement the defendants elected to terminate the contract.

It was shown that at the time and place set for the closing of the title the plaintiff attended and was ready and willing to deliver the apartment house in the following condition: Apartments Nos. 4 and 25 were vacant, as stated in the list annexed to the agreement. Apartment No. 3 was rented and the rent paid for the month of December, but a new lease had been given for this apartment to one Douglas at the same rental beginning January 1, 1916, and Hirsch, the original tenant of No. 3, had moved to apartment No. 61, which he had rented at sixty dollars per month, to begin January 1, 1916, and in

consideration of his change from apartment No. 3 to No. 61 he was allowed to go into apartment No. 61 before the first of January without the payment of any additional rent. Apartment No. 24 was occupied by a tenant named Barsowitch, who had occupied it for three years and was still paying fifty-five dollars a month as a holdover tenant. Apartment No. 53 was rented from January 1, 1916, to a tenant named Kutz. This agreement as to apartment No. 53 had been orally made prior to the making of the contract in suit and a deposit on account received by the plaintiff, and in the answer the defendants admitted that prior to the signing of the said agreement he learned that apartment No. 53 was not physically occupied, but was informed by plaintiff that the same was duly rented at thirty-five dollars per month at the time of signing the said agreement. It further appears that prior to the date of closing apartment No. 21 had been rented by the plaintiff for a term beginning January 1, 1916.

Thus, before the time for closing the condition of the apartment house owned by plaintiff was better than the contract called for, in that there were only two apartments actually unrented at that time. The only witness called at the trial was Frederick Brown, president of the plaintiff corporation, who testified to these facts, and there were introduced in evidence written documents substantiating his testimony. It is true that on cross-examination Mr. Brown admitted that there were five "vacancies" in the apartment house at the time of the contract, but a full reading of his testimony shows clearly and conclusively that what he meant was physical vacancies. It does appear, however, that four apartments were vacant and unrented at that time, but before the day for closing two of these were rented under *bona fide* leases. No fraud is claimed, and the learned trial justice has found at the request of the plaintiff: "That all differences and variances between the facts hereinabove set forth and the facts set forth in the agreement, Exhibit 'A,' annexed to the complaint, occurred through inadvertence and mistake of the plaintiff herein and without any fraud or intent to defraud on its part."

Under these facts I do not think there was any substantial breach of the contract by the plaintiff, and since the plaintiff

was in a position on the day of closing to deliver the premises in even better condition than it had contracted for, the defendants were not justified in refusing to consummate the agreement.

Neither was there anything contained in the letter of December thirtieth, quoted above from the plaintiff's attorney to the defendants, which justified them in believing that the contract would not be performed by the plaintiff, for in this letter they were told that there were five vacancies instead of three, but with the explanation that one apartment had been rented, possession to be taken the day following the closing, and another was occupied by a monthly tenant without lease. There is nothing in the agreement which compelled the plaintiff to deliver the premises covered in every instance by a written lease. It merely guaranteed that the rentals were as stated. This apartment was, therefore, not to be deemed vacant within the meaning of the agreement.

The plaintiff showed substantial performance on its part and was entitled to a decree of specific performance.

The judgment should be reversed, with costs, and judgment granted for the plaintiff as prayed for in the complaint, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment reversed, with costs, and judgment ordered for plaintiff as stated in opinion, with costs. Order to be settled on notice.